■ HUMBERT VISPETTO, Respondent, v. ALBERT BASSUK et al., Appellants. UNITED STATES OF AMERICA, Individually and as Subrogee of HUMBERT VISPETTO, Respondent, v. ALBERT BASSUK et al., Appellants.— Appeals by defendants from two judgments and one order of the Supreme Court, Kings County. The first above-entitled action, in negligence, was brought by plaintiff Humbert Vispetto to recover damages for personal injuries and the second action was brought by plaintiff United States of America as subrogee of said Humbert Vispetto to recover for the reasonable value of medical services rendered to him. The negligence action was first tried on the issue of liability alone and, after rendition of a jury verdict thereon in favor of Vispetto, that action proceeded to trial on the issue of damages jointly with the other action, at the close of which the trial court directed a verdict of $4,625 for the United

States of America against defendants and the jury returned a verdict of $235,000 for plaintiff Vispetto against defendants. One of the judgments under review was entered April 3, 1972 upon said directed verdict and the other was entered June 30, 1972 upon said jury verdicts. The order under review, dated June 6, 1972, denied defendants' motion to dismiss the complaint in the negligence action or for a new trial. Judgments reversed, on the law, and new trial granted in both cases, as to all issues, with costs to abide the event. The questions of fact have not been considered. Appeal from order dismissed, without costs, as academic, in view of the determination herein on the appeals from the judgments. Plaintiff Vispetto was allegedly injured in the basement of defendants' building when, while attempting to descend from an inverted garbage can upon which he had been standing, his foot slipped on dried cement, sand and gravel which were on the floor. His expert witness was permitted to testify, over objection, that one's foot will slide when stepping upon such substances, that the accident was caused by the presence of the cement, sand and gravel and that the condition of the floor was hazardous. This testimony was inadmissible, since an understanding of the facts involved and the ability to determine the issues were clearly within the ken of the experience, observation and knowledge of a jury of laymen (*Clark* v. *Iceland S. S. Co.*, 6 A D 2d 544). By permitting the testimony the trial court allowed the expert to state his personal belief as to the ultimate issue in the case and thus invade the province reserved for the triers of the facts (*Strauch* v. *Hirschman YM & YWHA of Coney Is.*, 40 A D 2d 711). In view of the closely balanced issues of negligence and contributory negligence in the case, we deem the error to warrant the granting of a new trial. We are of the further opinion that the trial court erred in charging the jury that they could draw an unfavorable inference from defendants' failure to call the superintendent of the building and his wife to testify in defendants' behalf. These witnesses were present in the courtroom during the trial, having been subpoenaed by Vispetto's attorney. It is undisputed that at the time of the trial these witnesses were no longer in defendants' employ. The information as to that was brought to the trial court's attention. Under the circumstances, defendants were no more obliged to call these witnesses than was Vispetto, so that the drawing of the stated inference was unwarranted. We note further that the trial court's comments with respect to the sketch prepared by defense counsel at the direction of one of Vispetto's witnesses were improper and tended to derogate this item of evidence in the eyes of the jury. Finally, we observe that the evidence as to the fusion operation performed upon Vispetto and as to the very serious consequences thereof was improperly admitted in the absence of an amended bill of particulars and compliance with the rules of this court with respect to the exchange of medical information (22 NYCRR Part 672). While we do not suggest that at the new trial Vispetto must be precluded from introducing such evidence, defendants should certainly be afforded a full and complete opportunity to be apprised of the nature of Vispetto's physical condition and to prepare a defense. For that purpose defendants may, if they so desire, have a physical examination of Vispetto. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.