■ PEARL FOREMAN et al., Respondents, v URSULA DELIO, as Executrix of the Estate of A. EDWARD FIORE, Deceased, Appellant. [628 NYS2d 141] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered July 21, 1994, which, upon granting judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff Pearl Foreman in the principal sum of $433,700, and in favor of the plaintiff Edgar Foreman and against the defendant in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law and as a

matter of discretion in the interest of justice, and a new trial is granted on the issue of damages only, with costs to abide the event.

We find no merit to the defendant's contention that the court erred in granting judgment as a matter of law on the issue of liability in favor of the plaintiffs. However, with respect to the damages portion of the trial, we agree with the defendant's contention that the court improperly admitted certain evidence pertaining to the injured plaintiff's alleged need for future surgery.

At trial, the plaintiffs' expert witness testified that plaintiff Pearl Foreman suffered from "osteoarthritis secondary to the injury that occurred". He testified that the plaintiff would probably be in permanent need of the use of a cane "if she [did] not undergo knee replacement". This witness estimated the cost of such a procedure as being $10,000, that is, $5,000 per knee.

There was no mention of the prospect of future knee replacement surgery in the plaintiffs' original bill of particulars, in the supplemental bill of particulars dated August 30, 1993, or in the medical report dated November 29, 1991. The defendant's expert witness testified and was excused before the plaintiffs' expert had begun his testimony. Given this unusual sequence of events, and given the last-minute disclosure of the injured plaintiff's need for future surgery, we believe that there was an unacceptably high risk that the defense was, as far as the issue of damages is concerned, unfairly prejudiced (see, e.g., Vispetto v Bassuk, 41 AD2d 958). For this reason, a new trial on the issue of damages is necessary. Bracken, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.