■ JOSE V. BERMEO et al., Appellants, v MICHAEL A. REJAI, Respondent. (And a Third-Party Action.) [724 NYS2d 442] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), dated January 3, 2000, as, upon a jury verdict on the issue of liability finding the injured plaintiff 35% at fault in the happening of the accident and the defendant 65% at fault, and upon granting the defendant's motion pursuant to CPLR 4404 to set aside the verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is denied, the verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment in accordance with the parties' stipulation on the issue of damages.

The plaintiff Jose Vincente Bermeo sustained serious injuries while installing siding on the defendant's one-family dwelling when the ladder he was standing on tipped over. The ladder was owned by the defendant.

At the trial, the defendant, without objection, permitted the plaintiffs to present evidence that the accident was caused by plastic wrapped around the top ends of the ladder. A photograph showing the plastic on the ends of the ladder was admitted in evidence. The plaintiffs contended that the defendant directed the injured plaintiff to put plastic bags on the top ends of the ladder to protect the siding. The defendant denied this.

During the course of the trial, the trial court stated, "I don't think there's any argument that putting plastic on the ladder against the building would cause it to slip." However, the trial court refused to permit the plaintiffs to present expert testimony that the plastic constituted a dangerous condition, on the ground that there had been no "exchange" prior to trial.

After the jury rendered a verdict finding the defendant 65% at fault in the happening of the accident, the trial court set

aside the verdict and granted the defendant judgment as a matter of law, on the ground that, without expert testimony that the plastic constituted a dangerous condition, the plaintiffs failed to establish a prima facie case.

Expert testimony is not required where the question of whether there is an unsafe condition is within the common knowledge and experience of jurors (*see, Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207; *Christoforou v Lown,* 120 AD2d 387; *see also, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148). Here, the trial court initially found that such was the case. The photographic evidence, coupled with the injured plaintiff's testimony, was sufficient for the jury to reach a determination on that issue, without the aid of expert testimony. It is within the ken of an ordinary juror that plastic bags are slippery (*see, Vispetto v Bassuk,* 41 AD2d 958).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.