■ Nya Allen, Appellant-Respondent, v Wyandanch Homes & Property Development Corp., Respondent, and Joseph A. McNulty Company, Inc., Doing Business as Hendrickson Fuels, Respondent-Appellant. [748 NYS2d 401] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated July 5, 2001, as granted the motion of the defendant Wyandanch Homes & Property Development Corp. for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Joseph A. McNulty Company, Inc., doing business as Hendrickson Fuels cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Wyandanch Homes & Property Development Corp. which was for summary judgment dismissing so much of the complaint as is predicated on its alleged negligence with re-

spect to the hot water temperature at the plaintiff's home, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This action arises out of an accident which allegedly occurred when the infant plaintiff was scalded by hot water that sprayed on her when a bathtub hot water faucet handle came off in her hand. Wyandanch Homes & Property Development Corp. (hereinafter Wyandanch) owned the premises, and leased them to the infant plaintiff's mother. The defendant Joseph A. McNulty Company, Inc., doing business as Hendrickson Fuels (hereinafter Hendrickson Fuels) serviced the home's boiler and hot water heating system. The defendant Wyandanch moved for summary judgment on the ground that it neither created nor had any notice of defects in the bathtub's hot water valve or of the allegedly excessive hot water temperature. The defendant Hendrickson Fuels cross-moved for summary judgment on the ground that it had no responsibility with respect to the bathtub, and had no notice of any defect in the boiler. The Supreme Court granted Wyandanch's motion for summary judgment on the ground that it had no notice of the allegedly defective conditions, but denied the motion of Hendrickson Fuels on the ground that a triable issue of fact existed as to whether it should have checked the hot water heater's thermostat and verified the temperature of the hot water during an annual service inspection.

Wyandanch sustained its initial burden of demonstrating a lack of notice of the allegedly defective hot water valve in the bathtub (see Lam v Neptune Assoc., 203 AD2d 334). Among other things, Wyandanch submitted an annual housing program inspection report, made about one month before the accident, as well as almost 40 weekly reports generated during the approximately one-year period preceding the accident. Those documents contained spaces for the tenant to note items in need of repair or maintenance. They contain no entries reflecting complaints of defects in the bathtub hot water faucet handle.

The infant plaintiff's mother admitted at her deposition that she had never complained to Wyandanch about a defective hot water handle. In her affidavit in opposition to the motion for summary judgment, she attempted to raise a question of fact regarding Wyandanch's notice of the alleged defect by claiming for the first time that the hot water handle in the bathtub was leaking and that she complained to Wyandanch about that

problem. This affidavit was apparently designed to avoid the consequences of her earlier admission, and was insufficient to defeat the motion for summary judgment (*see Goldman v Waldbaum's Inc.*, 297 AD2d 277; *Schortemeyer v K-Mart Corp.*, 272 AD2d 391).

Thus, the Supreme Court correctly granted those branches of the motion of the defendant Wyandanch which were for summary judgment dismissing so much of the complaint insofar as asserted against it as was predicated on its alleged negligence with respect to the hot water valve in the bathtub at the plaintiff's home.

However, we reach a different conclusion regarding the plaintiff's negligence claim insofar as asserted against Wyandanch to the extent that it is predicated on the allegedly excessive hot water temperature in the plaintiff's home. Although the infant plaintiff's mother never reported this alleged defect in any of the written reports cited above, she did testify at her deposition, inter alia, that a Wyandanch representative made a remark to her about the water temperature being hot. The representative testified that he did not recall making such a comment. The infant plaintiff's mother also testified that she orally complained to another Wyandanch representative about the "hot water in general." She did not contradict this point in her affidavit in opposition to the summary judgment motion. Given the conflict between the testimonial and documentary record, we conclude that this allegation of negligence should not be resolved on summary judgment (*see Fenty v 634 Morris Park Assoc.*, 291 AD2d 275).

For its part, Hendrickson Fuels made out a prima facie case for summary judgment, but the Supreme Court correctly concluded that the affidavit submitted by the plaintiff's expert was sufficient to raise a triable issue of fact as to whether it was negligent in failing to inspect the hot water heater's thermostat and correct the allegedly excessively hot water condition during an annual service inspection (*see Gottlieb v 31 Gramercy Park S. Owners Corp.*, 276 AD2d 417).

The parties' remaining contentions are without merit. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.