■ Tracy Andretta, Appellant, v Jo-Ann G. Lenahan, Respondent. [756 NYS2d 454] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated February 14, 2002, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court providently exercised its discretion in declining to impose a sanction against the defendant for alleged spoliation of evidence. There was no showing that the defendant willfully or negligently disposed of any key physical evidence after being placed on notice that it might be needed for future litigation (*cf. DiDomenico v C & S Aeromatik Supplies* 252 AD2d 41, 53 [1998]). Further, the plaintiff failed to show that she was in any way prejudiced by the alleged acts of spoliation in light of the defendant's stipulations at trial and the availability and admission into evidence of the paint can label (*see Gomez v Metro Terms. Corp.* 279 AD2d 550 [2001]; *Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450, 451 [1999]).

Contrary to the plaintiff's contentions, the Supreme Court properly precluded the testimony of her safety consultant expert, as the subject did not call for technical knowledge beyond the ken of the typical juror (*see Bermeo v Rejai*, 282 AD2d 700, 701 [2001]; *Bearss v Westbury Hotel*, 33 AD2d 47, 48-49 [1969]; *cf. Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 147-148 [1976]). Krausman, J.P., Townes, Crane and Mastro, JJ., concur.