■ JEANETTE CALZADO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [758 NYS2d 303] —Judgment, Supreme Court, Bronx County (George Friedman, J., and a jury), entered on or about November 30, 2001, in an action for personal injuries sustained in a fall on a platform at the base of a set of steps leading up to an elevated subway station, apportioning liability 75% against defendant New York City Transit Authority and 25% against plaintiff, and awarding pre-apportionment, prestructured damages of, inter alia, $100,000 and $700,000 for past and future pain and suffering, respectively, unanimously affirmed, without costs.

While plaintiff's attorney's remarks on summation seeking to fashion a conspiracy to cover up the facts surrounding plaintiff's fall were deplorable, they did not warrant a mistrial and the trial court's denial of such motion was a proper exercise of discretion. Plaintiff's case was very strong, and we are satisfied that the net effect of counsel's improper, but largely isolated, conspiracy allusion was minimal (*compare Melendez v New York City Tr. Auth.*, 196 AD2d 460, 462 [1993]; *Clarke v New York City Tr. Auth.*, 174 AD2d 268, 278 [1992]).

The award of $100,000 for past pain and suffering over a two-year period for a torn anterior cruciate ligament and a torn medial meniscus does not deviate materially from reasonable compensation (*cf. Garcia v Queens Surface Corp.*, 271 AD2d 277, 278 [2000]; *Myers v Schaffer Grocery Corp.*, 281 AD2d 156 [2001]; *Lanpont v Savvas Cab Corp.*, 244 AD2d 208 [1997]). Likewise, in view of testimony that plaintiff will ultimately develop arthritis and require knee replacement surgery, the $700,000 award for future pain and suffering over a projected 32-year period is not so disproportionate to what constitutes reasonable compensation as to warrant reduction (*cf. Mujica v State Univ. Constr. Fund*, 275 AD2d 976 [2000]; *Cruz v Manhattan & Bronx Surface Tr. Operating Auth.*, 259 AD2d 432 [1999]). Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.