■ Anthony P. Hoerner et al., Respondents, v Chrysler Financial Company, L.L.C., et al., Appellants, and Mary P. Rossi, Respondent. (Appeal No. 3.) [802 NYS2d 583]—

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered July 9, 2004. The judgment was entered upon a jury verdict in favor of plaintiffs against defendants Chrysler Financial Company, L.L.C., Douglas J. Jank and Jay B. Jank.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion in part, setting aside the award of damages for past and future pain and suffering, future loss of consortium, and future loss of earnings and as modified the judgment is affirmed without costs, and a new trial is granted on those elements of damages only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for past pain and suffering to $250,000, future pain and suffering to $250,000, future loss of consortium to $25,000, and future loss of earnings to $1,253,615, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings pursuant to CPLR article 50-B.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Anthony P. Hoerner (plaintiff) in an automobile accident. On May 16, 2001, plaintiff was traveling northbound on Union Road in the Town of Cheektowaga. Defendant Mary P. Rossi was traveling southbound on Union Road and was immediately followed by a vehicle operated by defendant Jay B. Jank and leased by defendant Chrysler Financial Company, L.L.C. (Chrysler) to defendant Douglas J. Jank. At

trial, Jay Jank, Chrysler and Douglas Jank (collectively, defendants) contended that southbound traffic had stopped and the Rossi vehicle crossed over the center line of the road and struck plaintiff's vehicle, whereupon defendants' vehicle struck the Rossi vehicle. Rossi contended that defendants' vehicle struck the Rossi vehicle first, propelling the Rossi vehicle over the center line and into a head-on collision with plaintiff's vehicle. At trial, the jury returned a verdict finding that both Jay Jank and Rossi were negligent, but further finding that Jay Jank's negligence was a proximate cause of the accident and that Rossi's negligence was not a proximate cause of the accident. The jury awarded plaintiffs past and future damages in the amount of $4,087,772.10.

In appeal No. 1, defendants appeal from an order denying their posttrial motion for judgment notwithstanding the verdict. In appeal No. 2, defendants appeal from a judgment dismissing plaintiffs' complaint and defendants' cross claim against Rossi. In appeal No. 3, defendants appeal from a judgment upon the jury verdict in favor of plaintiffs against defendants and adjusting the award of future damages to present value.

Contrary to the contention of defendants, Supreme Court properly denied their posttrial motion for judgment notwithstanding the verdict. Based on the testimony of an eyewitness to the accident, as well as the photographic evidence, we conclude that there is a valid line of reasoning to support the jury's apparent conclusion that Rossi's vehicle did not swerve, but was instead pushed, into plaintiff's lane by defendants' vehicle. Thus, it cannot be said that the evidence " 'so preponderate[d] in favor of [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *see Haick v Castaldo*, 16 AD3d 1111 [2005]).

Nevertheless, we agree with defendants that the court should have granted that part of the posttrial motion seeking alternative relief. The damages awarded for past and future pain and suffering, future loss of consortium, and future loss of earnings "deviate[ ] materially from what would be reasonable compensation" and must be set aside (CPLR 5501 [c]). With respect to pain and suffering, although plaintiff suffers from pain and will require future surgeries due to future degenerative changes, plaintiff is not totally disabled, is able to walk without a limp, and has a functional (if imperfect) patella. We therefore conclude that the award of $375,000 for past pain and suffering and $1,000,000 for future pain and suffering deviates materially from what would be reasonable compensation (*see Inya v Ide*

*Hyundai, Inc.*, 209 AD2d 1015 [1994] [where plaintiff would suffer from future degenerative changes, had undergone two surgeries and would likely require a third, and was no longer able to participate in athletic activities, award of $20,000 for past pain and suffering and $40,000 for future pain and suffering increased to $80,000 and $150,000 respectively]; *see also Salop v City of New York*, 246 AD2d 305, 306 [1998] [where plaintiff suffered a comminuted fracture of the left patella that required an internal fixation surgery and would suffer from much pain and future atrophy, award of $230,000 for past pain and suffering and $490,000 for future pain and suffering upheld]), and that an award of $250,000 for past pain and suffering and $250,000 for future pain and suffering is the maximum amount that the jury could have awarded as a matter of law.

We further conclude that the award of $100,000 to plaintiff's wife for future loss of consortium deviates materially from what would be reasonable compensation (*see Zavurov v City of New York*, 241 AD2d 491, 493 [1997]; *cf. Kim v Cohen*, 208 AD2d 807, 808 [1994]). We conclude that an award for future loss of consortium of $25,000 is the maximum amount that could have been awarded.

We further conclude that the award of $1,700,000 for future loss of earnings also deviates materially from what would be reasonable compensation. "[L]oss of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident" (*Harris v City of New York*, 2 AD3d 782, 784 [2003], *lv dismissed* 2 NY3d 758 [2004]). Plaintiffs' expert economist testified that plaintiff's future loss of earnings was $1,253,615. Defendants challenged plaintiffs' expert, but failed to present expert testimony of their own, and the jury could therefore have properly relied upon the testimony of plaintiffs' expert (*see Patterson v Kummer Dev. Corp.*, 302 AD2d 873, 874-875 [2003]; *see also Karagiannis v New York State Thruway Auth.*, 187 AD2d 1009, 1010 [1992], *lv dismissed* 81 NY2d 835 [1993]). The jury awarded plaintiff $86,000 and $1,700,000 for past and future loss of earnings respectively, however, no basis for an award in the amount of $1,700,000 appears in the record. In light of the expert testimony presented, plaintiff's future loss of earnings was established with reasonable certainty at $1,253,615. We therefore modify the judgment in appeal No. 3 accordingly, and we grant a new trial on damages for past and future pain and suffering, future loss of consortium and future loss of earnings only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipu-

late to reduce the award of damages for past pain and suffering to $250,000, future pain and suffering to $250,000, future loss of consortium to $25,000, and future loss of earnings to $1,253,615 in which event the judgment is modified accordingly and as modified the judgment is affirmed, and we remit the matter to Supreme Court for further proceedings pursuant to CPLR article 50-B.

Finally, we have considered defendants' contentions with respect to appeal No. 2 and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.