█ DARNELL THOMAS, Appellant, v 14 ROLLINS STREET REALTY CORP. et al., Respondents. [807 NYS2d 56]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about September 24, 2004, awarding plaintiff $550,000 for past pain and suffering and $250,000 for future pain and suffering, and bringing up for review a ruling at the close of plaintiff's evidence which, insofar as challenged, dismissed plaintiff's claims for past lost earnings and past medical expenses, unanimously modified, on the law, to reinstate plaintiff's claim for past lost medical expenses incurred for services rendered by his treating physician, Dr. Lent, the matter remanded for further proceedings with respect to such claim, and otherwise affirmed, without costs.

It appears to be the opinion of plaintiff's surgeons that six months after the accident requiring surgery for a bilateral patellar tendon rupture, plaintiff was able to "resume his full activi-

ties" and was otherwise "doing extremely well," and that while plaintiff still complained of some pain and buckling two years after the accident, and was not "going to return to where he was before," he was, from a clinical point of view, "doing great," with restrictions limited mainly to activities involving repetitive rising and squatting. In view of the foregoing, and mindful of the bilateral nature of the tears that, until repaired, left plaintiff completely unable to walk, the jury's award of $900,000 for past pain and suffering was properly reduced to $550,000, and its award of $100,000 for future pain and suffering was properly increased to $250,000 (cf. Hoerner v Chrysler Fin. Co., L.L.C., 21 AD3d 1254 [2005]; Barlatier v Rollins Leasing Corp., 292 AD2d 480 [2002]; Alvarado v City of New York, 287 AD2d 296 [2001]; Gainey v City of New York, 278 AD2d 102 [2000]). The trial court properly precluded plaintiff's treating physician from testifying about the need for future knee replacement surgery, where such surgery was not mentioned in either plaintiff's bill of particulars or expert disclosure statement, or even in his physician's own records, and where defendants could have been expected to retain their own knee specialist to assess possible future knee surgery (CPLR 3101 [d] [1] [i]). Plaintiff's claim for past lost wages was properly dismissed at the close of his case for lack of evidence establishing an earnings history (see Smith v Temco Servs. Indus., 267 AD2d 176 [1999]), as was his claim for past physical therapy expenses for lack of bills or other evidence thereof. However, the testimony by plaintiff's treating physician estimating the value of the surgery he performed was not speculative (see Grinnell v City of New York, 244 AD2d 171 [1997]), and, accordingly, the claim therefor should have been submitted to the jury. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.