■ Luis Treminio, Respondent, v Manuel Argueta, Appellant. [854 NYS2d 212]—

The plaintiff testified at trial that he fell in a house owned by the defendant as he descended a staircase connecting the first floor to the basement, where his leased room was located. The plaintiff further testified that about six months prior to the accident, he noticed that one of the steps was broken, and mentioned that to the defendant, but the defendant never fixed the problem. The plaintiff stated that there was no lighting for this staircase, and that he had also discussed that issue with the defendant about six months prior to his accident. The plaintiff stated that he fell when he attempted to step on the defective step.

The Supreme Court properly denied the defendant's application pursuant to CPLR 4401 for judgment as a matter of law. To be entitled to such relief, the movant must demonstrate that "there is no rational process by which the fact finder could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*,

90 NY2d 553, 556 [1997]; *see Poulakis v Town of Orangetown,* 29 AD3d 882, 883 [2006]). In determining the motion, the evidence must be viewed in the light most favorable to the nonmoving party (*see Robinson v 211-11 N., LLC,* 46 AD3d 657 [2007]; *Poulakis v Town of Orangetown,* 29 AD3d at 883). The evidence in this case, viewed in the light most favorable to the plaintiff, was sufficient to make out a prima facie case of negligence against the defendant (*see Robinson v 211-11 N., LLC,* 46 AD3d 657 [2007]).

Any error in preventing the defendant from impeaching the credibility of the nonparty witness with a prior inconsistent statement was harmless (*see* CPLR 2002; *Barracato v Camp Bauman Buses,* 217 AD2d 677, 678 [1995]; *Walker v State of New York,* 111 AD2d 164, 165 [1985]).

The parties' remaining contentions are without merit. Miller, J.P., Covello, Eng and Chambers, JJ., concur.