(December 15, 2009)

■ JUANITA CLOTTER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [892 NYS2d 320]—

The trial evidence established that plaintiff fell due to a defect on a stairway leading into a Transit Authority subway entrance. The cause of the defect was adequately established by plaintiff and her expert by use of, inter alia, plaintiff's photographs (*see Hoerner v Chrysler Fin. Co., L.L.C.*, 21 AD3d 1254, 1255 [2005]). We find no fault with the method used by plaintiff's expert, which defendant's expert also used.

Plaintiff's awards for past and future lost earnings were supported by her expert. Defendant's expert proffered no testimony as to what plaintiff's future lost earnings would be, other than to note that she would have used the analysis of plaintiff's expert had she projected future earnings. Since defendant failed to present expert testimony of its own, "the jury could therefore have properly relied upon the testimony of plaintiff['s] expert" (*Hoerner*, 21 AD3d at 1256).

The awards for past and future pain and suffering are excessive. Plaintiff sustained a ruptured quadriceps tendon and an avulsion fracture requiring hospitalization and surgery to repair the rupture, was left with a seven-inch scar as a result of the injury and surgery, and is unable to walk without the use of crutches or a cane. For these injuries, resulting in a partial permanent disability to a 46-year-old woman, the sum of $500,000 for each of past and future pain and suffering is a more appropriate award (*see Orellano v 29 E. 37th St. Realty Corp.*, 4 AD3d 247 [2004], *lv denied* 4 NY3d 702 [2004]). Concur— Gonzalez, P.J., Saxe, Acosta and Roman, JJ.

McGuire, J., concurs in a separate memorandum as follows: The 46-year-old plaintiff sustained a ruptured quadriceps tendon and a small avulsion fracture of her right patella requiring hospitalization and surgery. I agree with the majority that the award of damages for past and future pain and suffering is excessive. However, in my view, a substantial additional reduction of the award is warranted. The award must not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]) and plaintiffs who suffered similar or more severe injuries have been awarded substantially less (*see e.g. Orellano v 29 E. 37th St. Realty Corp.*, 4 AD3d 247 [1st Dept 2004], *lv denied* 4 NY3d 702 [2004] [$375,000 for each of past and future pain and suffering where 47-year-old plaintiff suffered comminuted fracture of tibia and fibula requiring several surgical procedures during two-month hospital stay and resulting in partial permanent disability]). Inexplicably, the majority cites *Orellano* in support of the reduced award it thinks appropriate.