■ ANGELO DIAZ, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [915 NYS2d 58]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered September 4, 2009, upon a jury verdict in favor of plaintiff, awarding him $800,000 for six years of past pain and suffering, $150,000 for future pain and suffering over 31 years, $350,000 for future medical expenses over 31 years, and $1.7 million for future lost earnings over 19 years, unanimously modified, on the facts, the award vacated, and the matter remanded for a new trial solely on the issue of damages, and otherwise affirmed, without costs, unless the parties stipulate, within 20 days of service of a copy of this order with notice of entry, to reduce the award for future lost earnings from $1.7 million to $1,012,358, to reduce the award for future medical expenses from $350,000 to $260,075, and to increase the award for future pain and suffering from $150,000 to $600,000, and to entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered May 7, 2009, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury found that defendant was negligent in that the work site was in an unsafe condition. The jury's conclusion that the unsafe condition caused plaintiff's injury was not against the weight of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [2004]). The evidence adduced at trial established that plaintiff slipped on oil or grease while descending from a collection truck, as a result of which he suffered injuries including a torn meniscus. It is uncontroverted that plaintiff underwent four separate arthroscopic surgeries. At the time of trial he was disabled, and is highly likely to require knee replacement during his lifetime. Furthermore, he will ultimately require revision surgery on that knee replacement.

The awards for future lost earnings and future medical expenses were not supported by the record and materially deviated from reasonable compensation to the extent indicated (see Wilson v City of New York, 65 AD3d 906, 907, 909 [2009]; Brewster v Prince Apts., 264 AD2d 611, 617 [1999], lv denied 94 NY2d 762 [2000]). The awards for past and future pain and suffering likewise materially deviated from what would be reasonable compensation, to the extent indicated (CPLR 5501 [c]; see Kelly v City of New York, 6 AD3d 188 [2004]; Calzado v New York City Tr. Auth., 304 AD2d 385 [2003]).

We have considered the parties' remaining contentions and find them *without merit.* Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.