■ TATYANA URMAN, Respondent, v S & S, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants, and PRECISION ELEVATOR CORP., Defendant/Third-Party Defendant-Respondent. [925 NYS2d 186]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal, as limited by their brief,

from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 15, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

As the plaintiff entered the elevator in a six-story residential building, she tripped and fell as a result of the elevator allegedly misleveling, causing a height differential of approximately six inches. The plaintiff initially commenced this action against the owner of the property, S & S, LLC, and the property manager, Galster Management Corp. (hereinafter together the owners). The owners then commenced a third-party action against the elevator maintenance company Precision Elevator Corp. (hereinafter Precision). The plaintiff amended her complaint to include Precision as a defendant.

Contrary to the owners' contentions, they failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Nye v Putnam Nursing & Rehabilitation Ctr., 62 AD3d 767, 768 [2009]; compare Cilinger v Arditi Realty Corp., 77 AD3d 880, 882 [2010]). Although the owners retained Precision to perform monthly maintenance of the building's elevator, they "continue[d] to owe a nondelegable duty to elevator passengers to maintain its building['s] elevator[ ] in a reasonably safe manner" (Dykes v Starrett City, Inc., 74 AD3d 1015, 1016 [2010]). The owners failed to eliminate all triable issues of fact as to whether they had actual or constructive notice of the allegedly defective condition prior to the happening of the plaintiff's accident, as the deposition testimony they submitted in support of their motion included testimony that the plaintiff complained to the owners' building superintendent a few months before the accident occurred that the elevator misleveled on the fourth floor, that the plaintiff observed this defective condition on four subsequent occasions, and that the superintendent received a complaint from one of the building's residents that the elevator had misleveled on the sixth floor prior to the date of the accident. Although the superintendent stated that he contacted Precision to fix the misleveling problem after receiving the complaint from the sixth-floor resident, he could not recall the date of the repair, and the owners submitted no records establishing when the alleged repair occurred.

Since the owners failed to meet their burden of establishing their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary

judgment, regardless of the sufficiency of the opposition papers submitted by the plaintiff and Precision (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, we need not address the owners' remaining contentions. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.