■ MAYDA GONZALEZ, as Administratrix of the Estate of BENNY GONZALEZ, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [929 NYS2d 159]—

The plaintiff's decedent, Benny Gonzalez (hereinafter Gonzalez), who was 43 years old at the time of the accident, slipped or tripped while descending the stairway from the elevated Cypress Hills subway station to the street. He did not actually fall, but, in struggling to regain his balance, he ruptured his right quadriceps tendon, which caused an avulsion fracture of the patella. Gonzalez alleged that the accident was caused by a defect in the stair—a missing piece of metal and concrete ledge. The defendant, New York City Transit Authority, asserted that Gonzalez failed to establish, prima facie, that it had notice of the alleged defect or that such defect caused the accident, rather than the slippery state of the wet stairs.

At trial, Gonzalez called as a witness, among others, an orthopaedic surgeon who had examined him at the request of Gonzalez's attorney, in August 2003, and again in August 2006. That surgeon testified, inter alia, that, by the time of the 2003 visit, Gonzalez was able to walk without a brace or other walking aid, and with a normal gait, but still experienced pain and somewhat limited range of motion compared to the uninjured

leg. In 2006, the range of motion had improved, but the knee was swollen, and X rays revealed the development of a bony spur on the upper patella. The surgeon's prognosis was that Gonzalez had traumatic arthritis and permanent recurring swelling and pain. He opined that Gonzalez would probably require reconstructive knee surgery in the future. The defendant's expert witness disputed those conclusions, testifying, inter alia, that, in her opinion, no future surgery was indicated.

The jury found that Gonzalez's injury was caused by the defendant's negligence and awarded damages, inter alia, for past pain and suffering in the sum of $1,500,000 and for future pain and suffering in the sum of $1,000,000. The defendant moved to set aside the verdict pursuant to, among other things, CPLR 4404; the motion was granted only to the extent that a new trial was granted on the issue of damages for future pain and suffering unless Gonzalez stipulated to reduce the award from the sum of $1,000,000 to the sum of $500,000.

Contrary to the defendant's contention, Gonzalez adduced sufficient evidence from which the jury could rationally conclude that the defendant had constructive notice of the defect in the step that caused the accident (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Anthony v New York City Tr. Auth.*, 38 AD3d 484, 485 [2007]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). "[P]hotographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident, and if there is testimony that the condition at the time of the accident was similar to the condition shown in the photographs" (*DeGiacomo v Westchester County Healthcare Corp.*, 295 AD2d 395 [2002]). Gonzalez relied on the photographs of the defective step to establish constructive notice. Gonzalez's daughter and the investigator's photographer testified that the photographs were taken on February 4, 2003, only five days after the accident, and that they accurately represented the step as it was on the day of the accident. The photographs show the step was missing a section of the metal ledge covering the rest of the step's edge, as well as a piece of concrete, causing a depression approximately one inch deep and 3½ inches wide. The photographs also show that the area around the depression and the concrete in the depression itself was covered with dirty yellow paint, establishing that the defect in the stair had been there long enough to have been painted over which, based on the appearance of the paint, had not been in the recent past. Testimony by a supervisor at the subway station based on a record of "trouble calls" made by station supervisors requesting repainting of the stairs

with the yellow safety paint established that the last paint job had been done long before the day of the accident. This was sufficient to provide a "valid line of reasoning and permissible inferences" (*Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d at 132) to lead rational persons to the conclusion that the defect had been there "a sufficient length of time prior to [the] accident to permit the defendant's employees to discover and remedy it" (*Anthony v New York City Tr. Auth.*, 38 AD3d at 485-486; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Pugliese v D'Estrada*, 259 AD2d 743, 743-744 [1999]). Accordingly, the evidence was legally sufficient to establish constructive notice of the defect. Moreover, because the jury could impute constructive notice to the defendant based upon a fair interpretation of the same photographs and record of trouble calls, the verdict was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Phillips v United Artists Communications*, 201 AD2d 634, 635 [1994]; *Catanzaro v King Kullen Grocery Co.*, 194 AD2d 584, 585 [1993]). Therefore, the trial court properly denied that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the verdict on the issue of liability.

Nor can it be said that the trial court improvidently exercised its discretion in permitting Gonzalez to call his daughter to testify, as there is no evidence that the failure to provide notice of the witness until after jury selection was willful or contumacious (*see Pena v City of New York*, 261 AD2d 373 [1999]; *Halley v Winnicki*, 255 AD2d 489 [1998]; *Fama v Marchetti*, 215 AD2d 721 [1995]). Moreover, the defendant could have avoided any prejudice by requesting an adjournment to depose the witness, or by taking advantage of Gonzalez's offer to produce the witness during the two-week interim between jury selection and the start of testimony (*see Gendusa v Yu Lin Chen*, 71 AD3d 1085, 1086 [2010]).

The damages awarded for future pain and suffering, as reduced by the Supreme Court subject to Gonzalez's stipulation, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

However, we find that the award of damages for past pain and suffering is excessive to the extent indicated herein (*see Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d 317 [2006]; *Hoerner v Chrysler Fin. Co., L.L.C.*, 21 AD3d 1254 [2005]; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374, 376 [2001]). The defendant's challenge to the damages awarded for future medical expenses is not properly before this Court, as the defendant stipulated to a reduction in damages in that category.

The defendant's remaining contention is unpreserved for appellate review. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.