BOBBY SIMMONS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [973 NYS2d 634]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 18, 2012, upon a jury verdict, awarding plaintiff damages in the amount of $300,000 for past pain and suffering and $200,000 for future pain and suffering, unanimously affirmed, without costs.

The jury could rationally conclude that defendant had constructive notice of the defect in the subway station stairway from plaintiff's testimony that the photographs entered into evidence were taken approximately five weeks after his accident occurred and that they fairly and accurately depicted the location as it appeared on the day he fell (*see Gonzalez v New York City Tr. Auth.*, 87 AD3d 675, 677 [2d Dept 2011]).

The jury's determination that plaintiff was not comparatively negligent is not against the weight of the evidence. In addition to his testimony that he was looking forward while descending the stairs, plaintiff testified that he was holding the handrail and then, to avoid other people on the stairs, let go of it and moved to the center of the stairway. Thus, the jury could reasonably conclude that the stairs were so crowded that plaintiff would not have been able to see the defective condition even if he had been paying the utmost attention.

We find that the damages award is not excessive (*see Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d 317 [1st Dept 2006]; *Hoerner v Chrysler Fin. Co., L.L.C.*, 21 AD3d 1254 [4th Dept 2005]; *Gainey v City of New York*, 278 AD2d 102, 102-103 [1st Dept 2000]). It is undisputed that, as a result of his fall on the subway station stairs, plaintiff, who was then 62 years old, sustained a ruptured patellar tendon in his left knee that required surgery to repair and which left a 10-inch scar. Plaintiff testified that he remained in the hospital for four days and required crutches for approximately two months and many months of therapy. He testified that he was no longer able to jog, which he had been used to doing about four times a week, and that his knee continued to cause him pain and "lock up,"

for which he required prescription medication. Plaintiff's expert testified that when he examined plaintiff approximately eight years after the accident, he determined that plaintiff had developed crepitus, that he lacked about five degrees of range of motion upon full extension of the knee, 25 degrees upon flexion of the leg, and seven degrees upon overextension, that he had lost two centimeters of muscle mass in his left thigh and one centimeter in his lower leg, that his movement limitations and muscle loss were related to the accident, and that his prognosis was poor.

Defendant's argument that the defect in the stairway was trivial and hence not actionable was not raised at trial and thus is unpreserved for appellate review, and we decline to review it in the interest of justice (*see Revis v City of New York*, 18 AD3d 290 [1st Dept 2005]). Concur—Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.