Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 18, 2012, which, inter alia, granted defendants’ motion to set aside the jury’s award of $500,000 for past pain and suffering and $500,000 for future pain and suffering over 34 years to the extent of ordering a new trial on those damages unless plaintiff stipulated to a reduced award of $100,000 for past pain and suffering and $250,000 for future pain and suffering, unanimously reversed, on the facts, without costs, the motion denied, and the jury’s verdict reinstated.
We find that the jury’s award for past and future pain and suffering is fully supported by the trial record and is consistent with what constitutes reasonable compensation under the circumstances presented. The record shows that the time between the date of the incident and the date of verdict is seven years and seven months, and plaintiffs life expectancy is 34.5 years. The evidence at trial established that as a result of the fall on defendants’ bus, the 47-year-old plaintiff suffered a torn *552 meniscus in her right knee, underwent arthroscopic surgery, was unable to work for three months, used a cane for more than one month, underwent 12 extremely painful sessions of physical therapy, continues to experience significant pain requiring her to take medication and limit her activities, and has permanently aggravated and activated arthritis in her knee that is progressive. In addition, her doctor explained that she sustained a permanent partial disability and that it is “most probable” that she will require a future knee replacement. Given the severity of plaintiffs injury, ongoing problems and expected future limitations, the jury’s award for past and future pain and suffering cannot be said to deviate materially from what is reasonable compensation (see CPLR 5501 [c]; see e.g. Diaz v City of New York, 80 AD3d 425 [1st Dept 2011]; Harris v City of N.Y. Health & Hosps. Corp., 49 AD3d 321 [1st Dept 2008]; Calzado v New York City Tr. Auth., 304 AD2d 385 [1st Dept 2003]). Thus, the trial court should not have reduced the jury’s estimation of damages and we reinstate the original awards for those categories of damages. Concur — Sweeny, J.E, Renwick, Feinman and Clark, JJ.