■ ARVELLA FLOYD, Respondent, v 1710 REALTY, LLC, et al., Appellants. [44 NYS3d 474]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Schack, J.), entered October 15, 2014, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability, upon a jury verdict finding them, in effect, 100% at fault in the happening of the accident, and upon a separate jury verdict finding that the plaintiff sustained damages in the principal sums of $275,000 for past pain and suffering, $800,000 for future pain and suffering, $75,000 for past medical expenses, and $750,000 for future medical expenses, is in favor of the plaintiff and against them in the principal sum of $1,900,000. By so-ordered stipulation dated December 10, 2014, the parties stipulated to reduce the damages award for past medical expenses from the principal sum of $75,000 to the principal sum of $45,000, and for future medical expenses from the principal sum of $750,000 to the principal sum of $140,000, with the defendants expressly reserving the right to seek further reduction of these sums on appeal.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff damages in the sums of $750,000 for future medical expenses and $800,000 for future pain and suffering; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future medical expenses and future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the amount of damages for future medical expenses from the stipulated principal sum of $140,000 to the principal sum of $60,000 and for future pain and suffering from the principal sum of $800,000 to the principal sum of $500,000, and to the

entry of an appropriate amended judgment which shall also incorporate the stipulated reduction of the award for past medical expenses; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On the morning of September 15, 2011, the plaintiff was showering in the bathroom of her apartment when the hot water knob fell out of the wall onto her foot, causing hot water to come out at the plaintiff "full blast." The plaintiff fell in the bathtub and sustained personal injuries. Prior to the accident, the plaintiff and her daughter (who also lived in the apartment) made numerous complaints to the building superintendent and management company that the hot water knob was loose and that water was leaking from the knob. The defendant 1710 Realty, LLC (hereinafter Realty), owned the plaintiff's apartment building. The defendant Wolf Sicherman is an owner-member of Realty and also served as a managing agent of the plaintiff's apartment building.

The plaintiff commenced this action against the defendants alleging, inter alia, that her accident was caused by their negligence in maintaining and repairing her apartment. In September 2014, after a trial on the issue of liability, a jury, in effect, found the defendants 100% liable for the plaintiff's injuries. After a trial on the issue of damages, the jury awarded the plaintiff the principal sums of $275,000 for past pain and suffering, $800,000 for future pain and suffering, $75,000 for past medical expenses, and $750,000 for future medical expenses. Pursuant to a subsequent so-ordered stipulation, the damages award was modified by lowering the damages for past medical expenses from the principal sum of $75,000 to the principal sum of $45,000, and for future medical expenses from the principal sum of $750,000 to the principal sum of $140,000, with the defendants expressly preserving their right to appeal. An amended judgment reflecting these terms was never entered. The defendants appeal.

Contrary to the defendants' contention, the Supreme Court did not err in denying their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. "To be awarded a judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Alicea v Ligouri*, 54 AD3d 784, 784-785 [2008]; *see Lyons v McCauley*, 252 AD2d 516, 517 [1998]). The plaintiff's evidence must be accepted as true and the plaintiff

is entitled to every favorable inference which can be reasonably drawn from the evidence (*see Alicea v Ligouri*, 54 AD3d at 785; *Treminio v Argueta*, 49 AD3d 862, 863 [2008]). As is relevant to this case, "[i]n order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, 'it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence' " (*Friedman v 1753 Realty Co.*, 117 AD3d 781, 783 [2014], quoting *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]).

Here, viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the defendants had notice of the dangerous condition that caused her accident. At trial, the plaintiff and her daughter testified that they had complained to the building superintendent repeatedly that the hot water knob was loose and that water was leaking from the knob. The plaintiff testified that she complained to the superintendent that the knob had even fallen off. The superintendent had reported to the plaintiff's apartment at least three times in the months before the accident to fix the hot water knob, but the issue was never resolved. He informed the plaintiff that the "threads" on the knob were "stripped" and would not stay tight. From this testimony, the jury had a permissible basis to conclude that the defendants had notice of the dangerous condition that allegedly caused the plaintiff's accident (*see generally Stewart v Heralall*, 116 AD3d 760, 761 [2014]; *Urman v S & S, LLC*, 85 AD3d 897, 898 [2011]; *cf. Flores v Langsam Prop. Servs. Corp.*, 63 AD3d 502 [2009], *affd* 13 NY3d 811 [2009]; *Allen v Wyandanch Homes & Prop. Dev. Corp.*, 298 AD2d 474, 476 [2002]). Therefore, the court properly denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability (*see Treminio v Argueta*, 49 AD3d at 863).

However, with respect to the damages portion of the trial, the Supreme Court erred in allowing the plaintiff's expert to testify about the plaintiff's need for a future wrist fusion surgery at a cost of $80,000. There was no mention of the prospect of future wrist fusion surgery in the plaintiff's pleadings, expert witness disclosure, or the expert's medical report (*see Smith v Sheehy*, 45 AD3d 670, 671 [2007]; *Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d 317, 318 [2006]; *cf. Montenegro v Richfield Props.*, 269 AD2d 505, 505 [2000]). In addition, the testimony of the defendants' expert witness was taken out

of turn, before the plaintiff's expert began his testimony, and therefore the defendants' expert was unable to offer his opinion regarding the alleged need for future surgery (*see Foreman v Delio*, 215 AD2d 625, 626 [1995]). Accordingly, the defendants were prejudiced, and the court should have instructed the jury to disregard the testimony about the future wrist fusion surgery (*see Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d at 318; *Foreman v Delio*, 215 AD2d at 626).

Furthermore, while the damages award for past pain and suffering did not deviate materially from what would be reasonable compensation, the damages award for future pain and suffering was excessive to the extent indicated herein (*see* CPLR 5501 [c]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.