■ SUSAN SERMONETA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [58 NYS3d 19]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 18, 2016, upon a jury verdict, awarding plaintiff $700,000 for past pain and suffering and $2 million for future pain and suffering over 15 years, unanimously modified, on the facts, to vacate the award for future pain and suffering, and the matter remanded for a new trial solely on the issue of those damages, unless plaintiff stipulates, within 20 days of service of a copy of this order with notice of entry, to reduce the award for future pain and suffering to $1 million and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff sustained injuries when nonparty David Cloud slipped on slime oozing from a trash can on a subway platform and fell, knocking plaintiff over. The jury could fairly and rationally have concluded that Cloud was not negligent based on the evidence presented at trial, including Cloud's testimony that he was not in a rush and that he had never seen slime in that location before (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Contrary to defendant's contention that, as a matter of law, the slime was an open and obvious condition that was not inherently dangerous, the jury could reasonably have found that the slimy condition was inherently dangerous or that the condition on the floor of a crowded, rush-hour subway station constituted a trap for the unwary (*see Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [1st Dept 2004]).

The award of $700,000 for five years of past pain and suffering, although high, is not excessive (CPLR 5501 [c]; *see Diaz v City of New York*, 80 AD3d 425 [1st Dept 2011]; *Clotter v New York City Tr. Auth.*, 68 AD3d 518, 519 [1st Dept 2009], *lv denied* 14 NY3d 713 [2010]). Plaintiff continues to experience pain and difficulty bending her knee as a result of traumatic arthritis caused by the accident. In addition, she presented voluminous evidence of mental anguish and loss of enjoyment of life, including testimony by her treating psychiatrist and a

forensic psychiatrist, which defendant did not rebut with expert testimony.

The award of $2 million for 15 years of future pain and suffering is, however, excessive, as compared to other cases involving similar injuries, including cases where, as here, the plaintiff is expected eventually to need a total knee replacement (*see e.g. Reyes v New York City Tr. Auth.*, 126 AD3d 612 [1st Dept 2015]; *Diaz*, 80 AD3d 425; *Clotter*, 68 AD3d 518; *Calzado v New York City Tr. Auth.*, 304 AD2d 385 [1st Dept 2003]; *Gonzalez v New York City Tr. Auth.*, 87 AD3d 675 [2d Dept 2011]). However, none of those cases cites evidence of mental anguish and loss of enjoyment of life akin to the substantial trial evidence in this case. The reduction here is appropriate in light of plaintiff's age and the fact that her ability to travel and take photographs, while being adversely affected, has not been totally curtailed. Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.