Barrett v New York City Tr. Auth. (2019 NY Slip Op 07379)





Barrett v New York City Tr. Auth.


2019 NY Slip Op 07379


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-13105
 (Index No. 39767/06)

[*1]Pauline Barrett, respondent,
v
New York City Transit Authority, appellant.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellant.
Schwartz, Ponterio & Levenson, PLLC, New York, NY (Matthew F. Schwartz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), entered October 28, 2016. The judgment, upon the denial of the defendant's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability, and upon a jury verdict finding the defendant 75% at fault in the happening of the accident and the plaintiff 25% at fault and awarding the plaintiff, inter alia, damages in the principal sums of $2,000,000 for past pain and suffering, $491,000 for past loss of earnings, $480,000 for 12 years of future loss of earnings, and $120,000 for future medical expenses, is in favor of the plaintiff and against the defendant in the principal sum of $2,002,916.10.
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof awarding the plaintiff damages for future medical expenses in the principal sum of $120,000, and substituting therefor a provision awarding the plaintiff damages for future medical expenses in the principal sum of $59,577; as so modified, the judgment is affirmed, with costs to the plaintiff.
The plaintiff was injured when the heel of her shoe became caught in a hole in the step of a bus owned and operated by the defendant. The plaintiff commenced this action against the defendant, alleging negligence and seeking to recover damages for personal injuries, and the matter proceeded to trial.
At the close of the plaintiff's case on the issue of liability, the defendant moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the plaintiff had failed to make out a prima facie case. The motion was denied. The jury thereafter found the defendant 75% at fault in the happening of the accident and the plaintiff 25% at fault. After a separate trial on the issue of damages, the jury awarded the plaintiff, inter alia, the principal sums of $2,000,000 for past pain and suffering, $491,000 for past loss of earnings, $480,000 for 12 years of future loss of earnings, and $120,000 for future medical expenses.
The defendant contends that the Supreme Court should have granted its motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. "A trial [*2]court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Speredowich v Long Is. R.R. Co., 164 AD3d 855, 856; Hamilton v Rouse, 46 AD3d 514, 516). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Speredowich v Long Is. R.R. Co., 164 AD3d at 856; Raia v Berkeley Coop. Towers Section II Corp., 147 AD3d 989, 991). As is relevant to this case, to impose liability upon the defendant for a trip and fall on an allegedly dangerous condition, there must be evidence that the dangerous condition existed and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 9 NY3d 89; Gordon v American Museum of Natural History, 67 NY2d 836; Grullon v West 48th St. Redevelopment Corp., 75 AD3d 621, 622).
Here, viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the defendant had notice of the dangerous condition that caused her accident. At trial, the plaintiff testified that, as she was getting off the bus, the heel of her right shoe got caught in a hole in the step and she lunged forward. She was holding the rail with one hand as this happened, and she grabbed the rail on the other side with her other hand, and was hanging forward in the stairwell. She further testified that, after she freed her right foot, she looked at the step and saw that there was a hole in the step. The hole was round and jagged and the edges of it were dirty. According to the plaintiff, it didn't look like it was "a freshly created hole"; it looked like the hole had been there for a while. The plaintiff also presented evidence which suggested that the bus maintenance records for the 10 days preceding the accident were missing. In light of the foregoing evidence, the jury had a permissible basis on which to conclude that the defendant had notice of the dangerous condition that caused the plaintiff's accident (see generally Floyd v 1710 Realty, LLC, 145 AD3d 961, 963; Stewart v Heralall, 116 AD3d 760, 761; Urman v S & S, LLC, 85 AD3d 897, 898). Therefore, we agree with the Supreme Court's determination denying the defendant's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint (see Treminio v Argueta, 49 AD3d 862, 863).
The defendant's challenge to the jury charge regarding notice is unpreserved for appellate review because the defendant did not object to the charge as given to the jury (see CPLR 4110-b; Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603, 604; Ross v Mandeville, 45 AD3d 755, 757; Kwa v Roberts, 18 AD3d 444). In any event, the contention is without merit.
A jury verdict on the issue of damages may be set aside as contrary to the weight of the evidence "only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence" (Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663; see Williams v City of New York, 71 AD3d 1135, 1137). "While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference'" (Vainer v DiSalvo, 107 AD3d 697, 698, quoting Coker v Bakkal Foods, Inc., 52 AD3d 765, 766; see Schray v Amerada Hess Corp., 297 AD2d 339), it may be set aside if the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225; Vainer v DiSalvo, 107 AD3d at 698-699). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459; see Nutley v New York City Tr. Auth., 79 AD3d 711).
"Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care" (Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974; see Lane v Smith, 84 AD3d 746, 749). Here, the jury's award for future medical expenses was contrary to the weight of the evidence because it was not supported by the testimony of the plaintiff's witnesses as to the cost of her medical care. Accordingly, we reduce the award of damages for future medical expenses to the extent indicated herein.
Contrary to the defendant's contentions, the awards of damages for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (see Peterson v MTA, 155 AD3d 795, 796-797; Guallpa v Key Fat Corp., 98 AD3d 650), and the awards of damages for past loss of earnings and future loss of earnings were adequately supported by the evidence at trial.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court