■ DAVID GLASSBERG, Appellant, v FILCO CARTING CORP. et al., Respondents. [958 NYS2d 123]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered April 15, 2011, upon a jury verdict in defendants' favor in this action for personal injuries sustained when plaintiff bicyclist was struck by defendants' motor vehicle, unanimously affirmed, without costs.

The jury's finding that defendant truck driver was not negligent in coming into contact with plaintiff bicyclist was based upon a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]). The jury clearly resolved issues of credibility in defendants' favor and credited the testimony of two eyewitnesses that plaintiff had been riding against traffic, before turning onto the street where the accident occurred, and that the truck and bicycle were traveling alongside each other, which determinations are entitled to deference (*see Haiyan Lu v Spinelli*, 44 AD3d 546 [1st Dept 2007]). Based on the evidence, the jury could have inferred that defendant driver had no reason to observe plaintiff before the accident and thus, was not negligent (*see e.g. Hinkle v Trejo*, 89 AD3d 631, 631-632 [1st Dept 2011], *lv denied* 19 NY3d 807 [2012]).

Plaintiff's objections to the jury charges are, to some extent, unpreserved. In any event, any error in the charges was harmless since the objections involve charges relating to plaintiff's negligence, an issue not reached by the jury.

Finally, the Court did not deny plaintiff a right to impeach one of the eyewitnesses by sustaining an objection, during plaintiff's summation, to a discussion about the witness's deposition testimony, which purportedly contradicted his trial testimony. During the trial, plaintiff confronted the witness with his prior testimony and fully explored the inconsistency. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.