McCullough v One Bryant Park (2020 NY Slip Op 08003)





McCullough v One Bryant Park


2020 NY Slip Op 08003


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 113802/09 Appeal No. 12599 Case No. 2019-4943 

[*1]Robert McCullough, Plaintiff-Respondent,
v
One Bryant Park et al., Defendants-Appellants, Component Assembly Systems, Inc., Defendant-Respondent.


Mauro Lilling Naparty, LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for Robert McCullough, respondent.
Conway, Farrell, Curtin & Kelly, P.C., New York (Darrell John of counsel), for Component Assembly Systems, Inc., respondent.



Amended order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about November 19, 2018, which, to the extent appealed from as limited by the briefs, adhered to a previous order, same court and Justice, entered on or about August 10, 2018, denying the motion of defendants One Bryant Park (OBP) and Tishman Construction Corp. (Tishman) (i) to set aside the jury verdict that found OBP and Tishman 90% liable for plaintiff's worksite injury, and plaintiff and defendant Component Assembly Systems, Inc. (Component) each 5% liable, (ii) for a directed verdict dismissing the Labor Law § 200 claim as against OBP, and (iii) to reduce the award for future medical expenses, pre-trial lost earnings, and pain and suffering, and reduced the award for future lost earnings only to the extent to which the parties stipulated, unanimously affirmed, without costs.
This action arises from a workplace injury that occurred when plaintiff tripped over an uncovered passageway at a building under construction. Owner OBP and construction manager Tishman were found liable for negligence under Labor Law § 200 and Labor Law § 241(6). Component was also found to have been negligent.
The jury's apportionment of responsibility was not against the weight of the evidence and should not be altered (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Although plaintiff did not look down as he walked into a mechanical room, the evidence suggests that he would not have seen the drain hole behind the curb and threshold, over which he stepped to enter the room. The evidence also shows that Tishman hired a different contractor to be primarily responsible for inspecting the worksite for hazardous conditions, instead of Component. The argument that OBP should not have been included on the apportionment question on the verdict sheet is unpreserved, as counsel for OBP and Tishman affirmatively suggested that they be considered together using a slash between the names of the two parties (see Genet v Appel, 118 AD3d 519 [1st Dept 2014], lv denied 24 NY3d 2014; Schaefer v New York City Tr. Auth., 96 AD3d 485, 485-486 [1st Dept 2012]).
There was sufficient evidence to support the finding that Component did not negligently perform its work under the contract (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Its contractual duty to affirmatively seek out holes and hazards to protect on a temporary basis expired years before plaintiff's accident, and the evidence showed that it never received a work order concerning this hole as required by the contract's Extras and Changes provision.
The motion to vacate the verdict as to OBP's liability under Labor Law § 200 was properly denied. By presenting to the jury the issue of its liability jointly with Tishman, OBP conceded that the evidence of Tishman's actual or constructive notice was evidence of notice to OBP as well (see Jaycoxe v VNO Bruckner Plaza, LLC, 146 AD3d 411, 412 [1st Dept 2017]; McCullough v One Bryant Park[*2], 132 AD3d 491, 492 [1st Dept 2015]).
Concerning damages, the jury's award of $99,000 for future medical expenses was supported by the evidence. The jury heard testimony regarding plaintiff's life-care plan, which included future medical visits, medication, and x-rays with the predicted associated cost of $104,392 based on a life expectancy for plaintiff of 27.3 years. The jury's award reflects a reduction based on the difference in plaintiff's life expectancy, which they found to be 24.8 years. Plaintiff also established the amount of lost earnings, both before and after trial, "with reasonable certainty," based on the number of hours he worked from October 2008 through September 2009 (Godfrey v G.E. Capital Auto Lease, Inc., 89 AD3d 471, 477 [1st Dept 2011], lv dismissed 18 NY3d 951 [2012], lv denied 19 NY3d 816 [2012]). It was rational to use this timeframe instead of plaintiff's previous stint as a full-time ironworker from 1986 to 1990.
Similarly, the award of damages for past and future pain and suffering did not materially deviate from what would be reasonable compensation (CPLR 5501[c]) for injuries causing reflexive sympathetic dystrophy, also known as complex regional pain syndrome (see e.g. Hernandez v Ten Ten Co., 102 AD3d 431, 433 [1st Dept 2013]; Serrano v 432 Park S. Realty Co., LLC, 59 AD3d 242, 243 [1st Dept 2009], lv denied 13 NY3d 711 [2009]; Jeffries v 3520 Broadway Mgt. Co., 36 AD3d 421, 421-422 [1st Dept 2007], lv denied 8 NY3d 811 [2007]).
We have considered the remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020