Cruz v Richardson (2021 NY Slip Op 00990)





Cruz v Richardson


2021 NY Slip Op 00990


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 110572/11 Appeal No. 13150 Case No. 2019-04298 

[*1]Hector Manuel Cruz, Plaintiff-Appellant,
v
Phillip Richardson et al., Defendants-Respondents, Vincent Lynch, Defendant.


William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered July 12, 2019, in favor of defendants NYCTA and Richardson, and bringing up for review an order, same court and Justice, entered May 29, 2018, which, inter alia, denied plaintiff's motion to set aside the verdict, and for a new trial under CPLR 4404(a), unanimously affirmed, without costs.
The jury's finding that NYCTA bus driver defendant Richardson was not negligent in striking the van in which plaintiff was riding was based upon a fair interpretation of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). The jury clearly resolved issues of credibility in Richardson's favor and credited the eyewitness testimony that the bus had stopped at the stop sign before the van, and was already in the process of turning right when the van tried to squeeze into the turn by passing the bus on its right, despite the fact that the roadway was not wide enough for both vehicles. This is supported by testimony of the NYCTA investigator and by the parties' respective experts who agreed that the van was traveling faster than the bus at the time of impact. This determination by the jury is entitled to deference (see Haiyan Lu v Spinelli, 44 AD3d 546, 546 [1st Dept 2007], lv denied 10 NY3d 716 [2008]). Despite the conflicting testimony, the jury could have fairly concluded that defendant Richardson failed to see the van before the accident, not because he was negligent, but because the van was not visible until it started to pass the bus, due to the streets curvature, as opined by defendants' expert accident reconstructionist, and that the van operator's negligence in trying to make the turn when there was not enough room for his vehicle was the sole proximate cause of the accident (see Glassberg v Filco Carting Corp., 102 AD3d 471, 472 [1st Dept 2013]; Godfrey v G.E. Capital Auto Lease, Inc., 89 AD3d 471, 477 [1st Dept 2011], lv denied 19 NY3d 816 [2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021