Correto v Onex Real Estate Partners (2022 NY Slip Op 05747)

Correto v Onex Real Estate Partners

2022 NY Slip Op 05747

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 151131/17 Appeal No. 16420 Case No. 2021-04266 

[*1]Alberto Correto, Plaintiff-Respondent,
v
Onex Real Estate Partners, et al., Defendants, Nobel Construction GR LLC, et al., Defendants-Appellants.

Cascone & Kluepfel, LLP, Farmingdale (Beth L. Rogoff-Gribbins of counsel), for appellants.
Ginarte Gallardo Gonzalez Winograd, LLP, New York (Timothy Norton of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about June 22, 2021, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants Nobel Construction GR LLC and Sky View Parc II LP's motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff demonstrated prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by submitting evidence showing that he was injured when a remotely operated spyder crane, weighing approximately 4,500 to 6,000 pounds, toppled over the side of a one-foot-high (at its apex) ramp that was constructed to allow the crane to move over a concrete pouring tube to reach an area where it would be used to hoist equipment. The crane fell from a height, off the ramp and onto plaintiff's foot, causing him to fall backward against a stack of column forms. Plaintiff's proof established that the ramp, which was three to four-feet wide and lacked barriers at its sides, was inadequate for the purpose of safely moving the crane, which measured approximately four feet in width, and that no other appropriate safeguards were afforded (see generally McVicker v Port Auth. of N.Y & N.J., 195 AD3d 554, 555 [1st Dept 2021]). Defendants' argument that plaintiff's supervisor negligently operated the spyder crane, causing it to veer off the ramp, is no defense to the Labor Law § 240(1) claim (see generally Dias v City of New York, 110 AD3d 577, 578 [1st Dept 2013]).
Defendants' arguments for dismissal of plaintiff's Labor Law § 241(6) claim are academic in light of the grant of partial summary judgment to plaintiff on his Labor Law § 240(1) claim (see Royland v McGovern & Co., LLC, 203 AD3d 677, 679 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022