**Garcia v 100 Church Fee Owner LLC**

2024 NY Slip Op 32185(U)

June 28, 2024

Supreme Court, New York County

Docket Number: Index No. 158554/2018

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**      PART      **33M**

                                          *Justice*

-------------------------------------------------------------------------X

GEREMIAS J. BERGANZA GARCIA, | INDEX NO. | 158554/2018

                         Plaintiff,

| MOTION DATE | 04/27/2024

               - v -

| MOTION SEQ. NO. | 003

100 CHURCH FEE OWNER LLC, 100 CHURCH STREET
TENANT, LLC, SL GREEN REALTY CORP., R & S
CONSTRUCTION CONTRACTING, INC., STEPHEN FOY
MECHANICAL SERVICE CORP.,

                       Defendant.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------X

100 CHURCH FEE OWNER LLC, SL GREEN REALTY
CORP., R & S CONSTRUCTION CONTRACTING, INC.

                         Plaintiff,

Third-Party
Index No. 595447/2019

               -against-

MELLIFONT CONSTRUCTION CORP.

                       Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 142, 143, 144, 145, 146, 147, 148, 149, 173

were read on this motion to/for                        JUDGMENT - SUMMARY

Upon the foregoing documents, and after oral argument, which took place on February 27, 2024, where Timothy Norton, Esq. appeared on behalf of Plaintiff Geremias J. Berganza Garcia ("Plaintiff"), Benjamin B. Petrofsky, Esq. appeared on behalf of Defendant Stephen Foy Mechanical Service Corp. ("Stephen Foy"), Gerard Van Leuven, Esq. appeared on behalf of third-party Defendant Mellifont Construction Corp. ("Mellifont") and Lyndsey Caldwell, Esq. appeared on behalf of Defendant/Third-Party Plaintiffs 100 Church Fee Owner LLC ("Owner"), SL Green Realty Corp. ("SL Green"), and R&S Construction Contracting, Inc. ("R&S") (collectively "Cross

Movants"), Plaintiff's motion for summary judgment on his Labor Law § 240(1) claim is granted, and his motion on his Labor Law §241(6) claim is denied as academic. The Cross Movants' motion for summary judgment dismissing Plaintiff's claims and seeking summary judgment on their claims is denied.

## I. Background

This is an action for personal injuries arising from alleged Labor Law violations. Plaintiff was employed by third-party defendant Mellifont Demolition & Construction (NYSCEF Doc. 118 at 20:16-19). In June of 2018, Plaintiff was working at the construction site located at 100 Church Street (the "Worksite") (*id.* at 56:11-13). Plaintiff was involved in demolition work (*id.* at 57:13-15). Plaintiff was injured in an accident at the Worksite on June 23, 2018 (*id.* at 67:21-23). On that day, Plaintiff was instructed to take part in a wall demolition, demolish a door frame, and to put together a scaffold (*id.* at 73:9-15). This took place in the basement (*id.* at 75:22-23). The scaffold was being put together near an elevator shaft (*id.* at 77:4-11). There was no ceiling in the area where the scaffold was being erected in preparation for the elevator to be placed (*id.* at 77:11-15). It was in this location that a metal object from a higher floor fell down the elevator shaft being built and struck Plaintiff (*id.* at 78:12-20).

The Worksite was owned by 100 Church Fee Owner LLC (NYSCEF Doc. 122 at 13-14). It was managed by SL Green Realty Corp. (*id.* at 13). A representative of SL Green testified that SL Green was the agent of 100 Church Fee Owner (*id.* at 15-16). The general contractor at the Worksite was Defendant R&S Construction (NYSCEF Doc. 120 at 14:10-14). William Malm served was the labor foreman for R&S Construction on the date of Plaintiff's accident (*id.* at 16-17). He testified it was his job to supervise laborers on the Worksite (*id.* at 18:17-18). He testified that without proper overhead protection, such as netting, or plywood, workers should not be

working in an elevator shaft (*id.* at 22:3-25). Mr. Malm could not testify with certainty that there was any protection for the elevator shaft where Plaintiff was injured (*id.* at 24:12-22; 25:4-9). Mr. Malm testified the metal object that struck Plaintiff was a welding clamp which came from the 8th floor, bounced off the second floor, and entered the elevator shaft where it ultimately struck Plaintiff (*id.* at 33:11-20). Stephen Foy, the plumbing contractor, was working in a utility shaft directly next to the elevator shaft where Plaintiff was working. Stephen Foy employees were using the welding clamp (*id.* at 38). Mr. Malm conceded that if there had been proper protection between the utility shaft where the plumbers were working and the elevator shaft where Plaintiff was working, the accident would not have happened (*id.* at 45:4-14).

## II.    The Motion and Cross-Motion

### A.  Plaintiff's Motion

Plaintiff moves for summary judgment on his Labor Law § 240(1) claim against Owner, SL Green, and R&S. Plaintiff argues these are proper 240(1) defendants because Owner owned the premises at the time of the accident, SL Green was Owner's statutory agent, and R&S was the general contractor. Plaintiff argues that the welding clamp which struck him and fell through a hole was improperly secured in violation of § 240(1). In opposition, the Cross Movants argues that the welding clamp which struck Plaintiff was not required to be secured and therefore the elevation-related hazard here was unforeseeable. In reply, Plaintiff argues that where there is an accidental dropping of a building material or tool which strikes a worker due to insufficient overhead protection, there is a *prima facie* Labor Law § 240(1) violation. Plaintiff likewise argues precedent establishes there is no need for Plaintiff to establish foreseeability in meeting his *prima facie* burden on a §240(1) claim.

## B. Cross Movants' Cross-motion

The Cross Movants seek dismissal of Plaintiff's Labor Law §§ 200, 240(1), and 241(6) claims.[1] Cross Movants also seek summary judgment on its cross claims against Third-Party Defendant Mellifont and Stephen Foy pursuant to the contracts executed with those parties. The cross-motion is opposed by numerous parties. Stephen Foy opposes and argues that Cross Movants are not entitled to summary judgment on their cross claims because their own negligence caused the accident. Mellifont also opposes and says the indemnification clause is unenforceable. In reply, Cross Movants attempt to argue they are free from negligence and are therefore entitled to summary judgment on their crossclaims.

## III. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

---

[1] Because the Court grants Plaintiff's motion for summary judgment on his Labor Law §240(1) claims, discussion regarding §§ 200 and 241(6) is not needed as liability under these sections is moot.

**158554/2018 BERGANZA GARCIA, GEREMIAS J. vs. 100 CHURCH FEE OWNER LLC**      **Page 4 of 9**
**Motion No. 003**

## B. Plaintiff's Motion

Plaintiff is granted summary judgment as to liability on his Labor Law §240(1) claim. It is undisputed that Plaintiff was engaged in demolition work when a welding clamp fell from the eight floors, bounced on the second floor through a hole/gap, and proceeded to fall through the elevator shaft where Plaintiff was assembling a scaffold. It is likewise undisputed that the hole/gap which the welding clamp fell through was unsecured but after this accident was secured to prevent similar accidents. It is further undisputed that the Cross Movants are each proper §240(1) defendants as they own the premises, are the statutory agent of the owner, or were the general contractor.

As the First Department has recently held, in the context of falling objects, the risk to be guarded against under §240(1) is the unchecked or insufficiently checked descent of the falling object (*Torres-Quito v 1611 LLC*, 207 NYS3d 56 [1st Dept 2024]). Contrary to the Cross Movants' opposition, a Plaintiff is not required to show that the object was being hoisted or secured when it fell (*id.*). Although Cross Movants argue that the Court of Appeals decision in *Narducci v Manhasset Bay Associates*, 96 NY2d 259 [2001] is analogous, this Court disagrees. In *Narducci*, no one was working on the window from which glass fell, nor was there evidence that anyone worked on that window during the renovation. Here, there is direct evidence that Stephen Foy employees while working on plumbing accidentally dropped the welding clamp while Plaintiff was working on demolition. The welding clamp was not properly secured, and Plaintiff was entitled to overhead protection to prevent the unsecured clamp from injuring him (*see, e.g. Harsanyi v Extell 4110* LLC, 220 AD3d 528 [1st Dept 2023]; *Mayorquin v Carriage House Owner's Corp.*, 202 AD3d 541 [1st Dept 2022]; *Garcia v SMJ 210 West 18 LLC*, 178 AD3d 474 [1st Dept 2019]; *Hill v Acies Group, LLC*, 122 AD3d 428 [1st Dept 2014]).

The undisputed facts and a plethora of precedent establish a Labor Law §240(1) violation entitled Plaintiff to summary judgment. Accordingly, Plaintiff's motion is granted.

## C. Cross-Motion

### i. Dismissal of Plaintiff's Labor Law Claims

As a preliminary matter, the portion of the Cross Movants' motion seeking dismissal of the Labor Law §§ 200, 240(1), and 241(6) claims is denied as moot as this Court has already found Plaintiff is entitled to liability against these defendants under § 240(1) (*Malan v FSJ Realty Group II LLC*, 213 AD3d 541, 542 [1st Dept 2023]; *Correto v Onex Real Estate Partners*, 209 AD3d 483, 484 [1st Dept 2022]).

### ii. Third-Party Claims against Mellifont and Cross Claims against Stephen Foy

The Cross Movants are denied summary judgment on their third-party and crossclaims for common law indemnity. The Cross Movants and their agents were responsible for coordinating the various trades at the Worksite as well as overseeing safety on the worksite. Viewing the facts in the light most favorable to the non-movant, here, Mellifont and Stephen Foy, there is at a minimum a triable issue of fact as to whether the Cross Movants were negligent in adequately supervising the trades and ensuring there was proper protection at the Worksite (*see generally, Aiello v Burns Intern. Sec. Services Corp.*, 110 AD3d 234 [1st Dept 2013] [common-law indemnity inappropriate where party seeking indemnification has participated to some degree in wrongdoing]). Indeed, the hole through which the clamp fell was eventually sealed by R&S personnel (NYSCEF Doc. 120 at 102:15-19; 105:11-14) and had R&S personnel been aware of the hole, they would have sealed it to prevent the accident (*id.* at 117:7-19). Given this testimony, the Cross Movants are not entitled to summary judgment on their claim for common law indemnification.

For the same reasons, any grant of summary judgment on Cross Movants claim for contractual indemnification would be premature (*York v Tappan Zee Constructors*, LLC, 224 AD3d 527, 529 [1st Dept 2024]; *Bradley v NYU Langone Hospitals*, 223 AD3d 509, 511-512 [1st Dept 2024]; *Spielmann v 170 Broadway NYC LP*, 187 AD3d 492 [1st Dept 2020] [where a triable issue of fact exists regarding the indemnitee's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature]).

Cross Movants motion for summary judgment on its third-party claim against Mellifont for failure to procure insurance is denied without prejudice, with leave to renew in the event the primary coverage of $1,000,000 is exhausted and the excess carrier denies coverage to the Cross Movants. A party moving for summary judgment on its claim for failure to procure insurance must show correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402 [1st Dept 2023]).

As a preliminary matter, the Cross Movants concede they are being provided a defense and coverage under Mellifont's primary policy. As a secondary matter, Cross Movants have failed to provide to the Court the excess policy obtained by Mellifont which they claim excludes them coverage and therefore the Cross Movants have failed to meet their prima facie burden to obtain summary judgment. Finally, the correspondence proffered by Cross Movants between their counsel and Rockville Risk Management ("Rockville") states that coverage is only triggered when the underlying insurance has been exhausted by payment of judgments, settlements, or any cost expense subject to such limit (NYSCEF Doc. 137). Rockville stated that the request for indemnity was premature because the underlying policy limits were not yet exhausted but stated that the excess carrier will be willing to review its coverage obligations based on future determinations

(*id.*). Accordingly, Cross Movants may still be afforded the $5,000,000 in excess coverage if/when the $1,000,000 in underlying limits is exhausted.

There is nothing in the record on this motion which indicates Mellifont failed to name Cross Movants as additional insureds under its excess policy, rather it appears the third-party claims administrator has simply found it is premature to make the $5,000,000 in excess coverage available prior to their being determinations that the $1,000,000 in underlying coverage is or will soon be exhausted. Thus, this portion of the cross-motion is denied without prejudice, with leave to renew should the $1,000,000 become exhausted and the excess fails to become available by virtue of an exclusion or failure to be named as an additional insured.

*[The remainder of this page is intentionally left blank.]*

Accordingly, it is hereby,

ORDERED Plaintiff's motion for summary judgment is granted; and it is further

ORDERED that Plaintiff Geremias J. Berganza Garcia is granted summary judgment on his Labor Law §240(1) claim against 100 Church Fee Owner LLC, SL Green Realty Corp., and R&S Construction Contracting, Inc.; and it is further

ORDERED that 100 Church Fee Owner LLC, SL Green Realty Corp., and R&S Construction Contracting, Inc.'s cross motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/28/2024 | | | | | _Mary V Rosado JSC_ | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |