| |
|---|
| **Carreto v Onex Real Estate Partners** |
| 2025 NY Slip Op 32296(U) |
| June 26, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151131/2017 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. JAMES G. CLYNES**          PART          **39M**

*Justice*

------------------------------------------------------------------------X

ALBERTO CARRETO,

INDEX NO.          151131/2017

                    Plaintiff,

MOTION DATE          07/26/2024, 09/03/2024

- v -

MOTION SEQ. NO.          006 007

ONEX REAL ESTATE PARTNERS, HDK CONSTRUCTION
LLC, NOBEL CONSTRUCTION GR LLC,SKY VIEW PARC
II LP, and SKY VIEW CONSTRUCTORS LLC,

**DECISION + ORDER ON
MOTION**

                    Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 126, 127, 128, 129, 130, 133, 147

were read on this motion to/for          MODIFY          .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144

were read on this motion to/for          JUDGMENT - MONEY          .

Additional documents considered: 17, 54, 148.

Currently before the court are two post-trial motions. In motion sequence number 006, plaintiff Albert Carreto ("plaintiff") seeks to set aside the portion of the verdict that limited plaintiff's recovery for past pain and suffering to $500,000. Defendants oppose the motion. Motion sequence number 007, by defendants, seeks an order that enters their proposed judgment against defendants Nobel Construction GR, LLC ("Nobel") and Sky View Parc II LP ("Sky View") (collectively, "defendants") (NYSCEF Doc. No. 138). Plaintiff opposes that motion. The court notes that the remaining defendants in the caption are no longer in the case (*see* NYSCEF Doc. No. 17 [against Onex Real Estate Partners, LP ("Onex") and Skyview Constructors, LLC ("Skyview")]; NYSCEF Doc. No. 54 [against HDK Construction, LLC ("HDK")]).

The parties fully submitted these motions in September 2024. However, the court held them in abeyance while the parties attempted to settle their disputes. On March 3, 2025, counsel for defendants informed the court that the negotiations were unsuccessful (NYSCEF Doc. No.

148). Accordingly, the court considers both motions now. For the reasons below, the court denies both motions.

This is a Labor Law action which asserts a claim for negligence as well as claims under Labor Law 200, 240, and 241 (6). According to the complaint (NYSCEF Doc. No. 129, *20-32), on January 13, 2016, plaintiff worked for nonparty Advanced Contracting Solutions as a construction worker. The complaint lists former defendant Skyview as owner of the project, former defendant Onex as the project's developer, and former defendant HDK and current defendants Nobel and Sky View as general contractors and/or construction managers. The complaint alleges that "[p]laintiff sustained a gravity related injury while performing his job duties at the subject premises when a granger spider crane was caused to fall onto him" (*id.*, ¶ 15). The crane weighed around 4,500 to 6,000 pounds and fell onto plaintiff's foot (*see, e.g.*, NYSCEF Doc. No. 129, *172 [1st Dept decision dated Oct 13, 2022] [also available at *Carreto v Onex Real Estate Partners*, 209 AD3d 483, 484 (1st Dept 2022)]). In his bills of particulars (NYSCEF Doc. No. 129, *58-65, *75-79, *104-108, *129-132, *141-144), plaintiff asserts, among other things, that as a result of his massive injuries, he initially underwent an operative arthroscopy and chondroplasties; he underwent three surgeries in 2017 and 2018; and in 2019, he had a further arthroscopy and left knee surgery.

On June 22, 2021, before this case went to trial, Justice Shlomo S. Hagler, who at the time presided over the case, issued a decision partially granting both plaintiff's summary judgment motion and Nobel and Sky View's cross-motion for dismissal of certain portions of plaintiff's case (NYSCEF Doc. No. 129, *154-170 [order on motion sequence 004]). More specifically, the court concluded that plaintiff was entitled to summary judgment on his Labor Law 240 (1) claim against Nobel and Sky View, and that defendants were entitled to dismissal of plaintiff's allegations based on Industrial Code sections 234.7 (a), (d), (e); 23-8.2; 23-9 2 (a) (b)23 8.1 (a); 23-9)9; and 23-1.12 (b) (3). Upon appeal, the First Department affirmed Justice Hagler's decision (NYSCEF Doc. No. 129, *172-173 [*Carreto*, 209 AD3d at 484]). Thus, the jury trial determined the matter of damages only.

The trial took place before this court on June 4, 5, 6, 7, and 10, 2024. The jury heard testimony on behalf of plaintiff from plaintiff's wife, Maria Martinez; plaintiff; Harold Bialsky, a life care planner and vocational evaluator; Professor Ronald Reiber, an economist; Paul Ratzker, M.D., the neurosurgeon who performed a lumbar discectomy on plaintiff; Dr. Steven Yager,

151131/2017 CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS Page 2 of 7
Motion No. 006 007

2 of 7

[* 2]

plaintiff's podiatrist; and arthroscopic surgeon Dr. Dov Berkowitz, who performed the second arthroscopic surgery on plaintiff. Defendant introduced Dr. Alan Greenfield, a diagnostic radiologist; and Dr. Jessica Gallina, an orthopedic surgeon who evaluated plaintiff on November 5, 2020. The summations took place on June 12, 2024.

After deliberation, the jury reached a verdict. Pursuant to the verdict sheet (NYSCEF Doc. No. 128), the jury awarded plaintiff the following sums: $500,000 in past pain and suffering, or around $62,500 per year for each year prior to the verdict; $2.5 million in future pain and suffering, for a period of 38 years, or around $65,789.47 per year for the next 38 years; $473,424.00 for past lost earnings, or around $56,226.13 per year for each year prior to the accident; $477,107.64 in past medical expenses; $1,956,623 in future lost earnings over a period of 24 years, or around $81,525.96 per year for the next 24 years.

Motion Sequence No. 006.

Plaintiff's motion does not challenge the awards for future pain and suffering, past lost earnings, past medical expenses, or future lost earnings. However, he alleges that the award for past pain and suffering is grossly deficient. He cites the bills of particulars, which lists his injuries and states that as a result of these injuries, over the course of the eight years prior to the trial he underwent a posterior lumbar interbody and lateral fusion, an arthroscopic repair of his left foot and ankle, an arthroscopic surgical repair of his left knee, a revision surgery on his left ankle, and a further arthroscopic revision surgery on his left knee. He contends that, after the surgeries themselves, plaintiff endured additional pain and suffering during his lengthy recovery periods. In light of the above, plaintiff argues that the award for past pain and suffering is wholly inadequate, and that either the parties should stipulate to an award of $1,000,000 or the court should hold a new trial on damages.

In support, plaintiff cites *Abreu-DePena v Weber* (190 AD3d 512, 513 [1st Dept 2021]), in which the First Department found that an award of $100,000 for past pain and suffering "deviate[d] materially from what would be reasonable compensation." In that action, the jury determined that the plaintiff, who had undergone a lumbar laminectomy and fusion with insertion of titanium screws and rods, a two-level cervical fusion, and a left shoulder arthroscopy," had "sustained a causally related fracture, a significant limitation of use of a body function or system, and permanent consequential limitation of use of a body organ or member" (*id.*). Plaintiff also cites a number of cases in which the appellate court found that pain and suffering awards were *not*

**151131/2017  CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS**
**Motion No.  006 007**

Page 3 of 7

3 of 7

excessive, including *McCullough v One Bryant Park* (189 AD3d 683 [1st Dept 2020] [$1 million award for ankle injury requiring surgeries]), and *Sermoneta v New York City Tr. Auth.* (151 AD3d 565 [1st Dept 2017] [$700,00 for five years of pain and suffering following knee injuries and including mental anguish and traumatic arthritis]).

In opposition, defendants allege that the $500,000 award for past pain and suffering is "virtually identical" to the future pain and suffering award that plaintiff does not challenge (NYSCEF Doc. No. 133, ¶ 2). Specifically, the past award, for a period of eight years, averages $62,500 per year, while the future award, for a period of 38 years, averages $65,789 per year. Defendants contend that as plaintiff concedes the future pain and suffering award is sufficient, the same is true for the award for past pain and suffering.

Defendants additionally argue that the evidence supported the jury's assessment. They allege that plaintiff's neurosurgeon, Dr. Ratzker, testified that around eight months after the accident, plaintiff had full strength in his lower extremities and a normal baseline gait, and that he had noted that "this is not a catastrophic injury and he certainly does not require surgery" (Transcript 6/6/24, p 221 line 17 – p 222 line 17). Dr. Ratzker further testified that on November 10, 2016, around ten months after the accident, plaintiff's pain was "very well localized to the lumbosacral junction region," and that he had "a little bit of radiating pain into the upper buttock," and that there was little or no "pain radiating down to his legs" (*id.*, p 224, lines 9, 10-11, 13-15).[1] They point out that a post-operative note regarding the April 19, 2018 surgery stated that there was no evidence of a meniscal or articular pathology. For these reasons, defendants contend that the jury's finding was rational.

In response to plaintiff's citations to cases that purportedly support a higher award for past pain and suffering, defendants cite cases in which similar or lesser verdicts were affirmed. For example, in *Petit v Archer* (218 AD3d 695, 696 [2d Dept 2023]), the Second Department found that an award of $600,000 for nine years of past pain and suffering did not "deviate materially from what would be reasonable compensation." In that instance, the plaintiff suffered from cervical and lumbar spine injuries which caused a loss of range of motion and resulted in a cervical fusion and injections, which alleviated but did not cure plaintiff's problems. As a result, plaintiff would

---

[1] Defendants also argue that Dr. Ratzker did not see any torn ligaments or back muscles in plaintiff. However, the doctor added that he would not have seen these tears during the surgery (*see* Transcript 6/6/24, p 227 lines 11-12).

151131/2017  CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS                    Page 4 of 7
Motion No. 006 007

4 of 7

have to undergo a further surgery "among other things" in the future (*id.*). They argue that in *Abreu-Depena*, upon which plaintiff relies, the plaintiff underwent more, and more serious, medical procedures. Defendants cite numerous older cases from this Department as well as 2019 and 2018 decisions from the Fourth and Second Departments, respectively.

The court could not locate a reply from plaintiff, either in the motion file for this case or in the NYSCEF file generally.

Analysis and Conclusions of Law

As relevant here, CPLR 4404 (a) states that, after a jury trial, any party may move to set aside the verdict on the grounds that "the verdict is contrary to the weight of the evidence, in the interest of justice . . .." The court undertakes an extremely deferential review of the jury's decision. In *Cohen v Hallmark Cards, Inc.* (45 NY2d 493, 499 [1978]), the Court of Appeals stated that before a court sets aside the verdict, it must "first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis of the evidence presented at trial." This is because of the importance of the constitutional right to a trial by a jury of one's peers (*see id.*). Further, the jury is accorded great deference because it "had the opportunity to see and hear the witnesses and thus "is in the best position to assess [their] credibility . . . " (*Rozon v Schottenstein*, 204 AD3d 94, 100 [1st Dept 2022]). This deferential standard also applies to a jury's consideration of expert testimony (*see id.* at 103) and to its evaluation of conflicting evidence (*see Cruz v Richardson*, 191 AD3d 521, 522 [1st Dept 2021]; *Douayi v Carissimi*, 139 AD3d 410, 410-411 [1st Dept 2016]). To make a successful motion to set aside the verdict, a party must establish that the award "deviates materially from what would be reasonable compensation . . . measured against relevant precedent of comparable cases" (*Murray v County of Suffolk*, 236 AD3d 665, 668 [2d Dept 2025] [internal quotation marks and citations omitted] [finding award inadequate]).[2]

The court has carefully considered the parties' arguments and the trial transcript, and it concludes that plaintiff has not satisfied its heavy burden. His reliance on *Abreu-Depena* is misplaced, as the plaintiff there underwent more serious procedures for more complex injuries. The cases in which the appellate courts upheld larger damage awards are distinguishable. Because a jury has broad discretion, the courts in those cases only considered whether the higher awards

---

[2] CPLR § 5501 (c), which plaintiff cites, states the standard of review for the appellate divisions.

151131/2017 CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS Page 5 of 7
Motion No. 006 007

5 of 7

were rational – not whether they were mandatory. Similarly, *Petit*, on which defendants rely, does not mandate a $600,000 award, but states that such award was rational under the circumstances. Further, as defendants note, plaintiff concludes that the award of future damages for pain and suffering was appropriate, and the award for past pain and suffering does not differ substantially from the award for future damages. Plaintiff's papers do not explain why one award is rational and the other is not.

For their part, defendants have pointed to evidence that around eight months after the accident, plaintiff's doctor concluded that plaintiff had not sustained a catastrophic injury, and in a subsequent examination, the doctor determined that plaintiff's pain was localized and his pain was not extreme. Although during trial defendants pointed to these statements as evidence of the minor nature of plaintiff's injury – a theory that the jury unequivocally rejected – here, they have shown evidence from which a jury could rationally conclude that there were periods in the past during which plaintiff's pain was less significant that it ultimately became. The court additionally notes that there was undisputed testimony that some of plaintiff's more debilitating problems commenced months after his initial injury. Based on the above, a jury could have found that there were gaps in plaintiff's past pain and suffering during the period before the trial.

The court further notes that both Dr. Yager and Dr. Berkowitz spoke of arthritis, which is degenerative in nature, and in the loss of cartilage, which decreases the joint space and causes other problems, and the jury may have found that some of his pain might increase over the years based on these factors. For all of these reasons, plaintiff has not shown that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Nemeth v Brenntag N. Am.*, 38 NY3d 336, 342 [2022] [internal quotation marks and citation omitted]). Accordingly, the court denies plaintiff's motion.

Motion Sequence No. 007.

The court denies defendants' motion without prejudice. Although defendants ask this court to enter their proposed judgment, they do not submit a proposed judgment in proper form. Instead, they provide their proposed numbers and include a chart by their expert which provides a year-by-year enumeration of the money plaintiff would receive under their computation. This is insufficient.

151131/2017 CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS Page 6 of 7
Motion No. 006 007

6 of 7

[* 6]

Moreover, the court notes that defendants' assumption that the statutory interest is flexible is incorrect. In support of their argument, defendants misleadingly quote *Rodriguez v New York City Hous. Auth.* (91 NY2d 76, 80 [1997]) for the proposition that the 9% statutory rate "is a not-to-be-exceeded maximum, instead of a statutorily fixed, rate of interest to be imposed on judgments against the [defendant]." Instead of judgments discussing against "the [defendant]" generally, the case speaks of judgments against "the New York City Housing Authority" (*id.*), which are governed by Public Housing Law 157 (5) (*see also Pasternak v County of Chenango*, 226 AD3d 1220, 1226 [3d Dept 2024] [citing General Municipal Law 3-a (1)]. In other cases, *Rodriguez* states, "when the Legislature amended CPLR 5004 to set a fixed rate on judgments generally, that provision remained applicable *'except where otherwise provided'*" (*Rodriguez*, 91 NY2d at 79-80 [emphasis supplied]; *see* CPLR 5004).[3] The case at hand is not against the Housing Authority or any State or municipal defendant, and defendants have not pointed to any statute that provides for a lower interest rate in this action.

Further, although plaintiff has submitted a proposed judgment, his request for affirmative relief is denied because he did not serve defendants with a notice of cross-motion (*see* CPLR 2215).

Accordingly, it is

ORDERED that motion sequence number 006 is denied; and it is further

ORDERED that motion sequence number 007 is denied.

This constitutes the Decision and Order of the Court.

| 6/26/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | JAMES G. CLYNES, J.S.C. | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | GRANTED | X DENIED | GRANTED IN PART | OTHER | |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE | |

---

[3] The other case that defendants cite, *Rohring v City of Niagara Falls* (84 NY2d 60 [1994]), not only applies to interest against a municipality, but it is factually distinguishable from the instant case. The *Rohring* Court states that plaintiffs would receive an unfair windfall if the 9% interest rate for *future* pain and suffering and future medical expenses were assessed from the date of judgment, before the liability even arose.

151131/2017   CARRETO, ALBERTO vs. ONEX REAL ESTATE PARTNERS
Motion No.  006 007

Page 7 of 7